# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. '08 MJ 0216 |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | Title 8 USC, Section 1326 |
| ) | |
| ORTEGA-Meneses, Hector ) | Deported Alien Found in the United States |
| ) | |
| ) | (Felony) |
| Defendant, ) | |

The undersigned complainant, being duly sworn, states:

On or about January 24, 2008, within the Southern District of California, Defendant Hector ORTEGA-Meneses, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Special Agent Michael Haynes
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 25th DAY OF JANUARY 2008.

Hon. Jan M. Adler
U.S. Magistrate Judge

# **STATEMENT OF FACTS**

Hector ORTEGA-Meneses came to the author's attention in December of 2007 pursuant to a review of deported aliens. The author determined that ORTEGA had been deported from the United States and further believed that he may have subsequently returned to the United States unlawfully. ORTEGA's alien file was ordered, received, and reviewed.

In ORTEGA's alien file, the author found an immigration judge's order of removal dated April 5, 2006. Additionally, the author found a form I-205 (Warrant of Removal/Deportation) upon which is ORTEGA's photograph and fingerprint. This form documents ORTEGA's physical removal from the United States to Mexico, pursuant to the aforementioned judge's order, on January 3, 2007, through the port at San Ysidro, California. A form I-213 (Report of Deportable/Inadmissible Alien) was also found within ORTEGA's alien file. This form identifies him as a native and citizen of Mexico, born July 17, 2007. Photographs and fingerprints taken in preparation for deportation were additionally contained this alien file.

On the morning of January 24, 2008, Immigration & Customs Enforcement (ICE) Special Agents Ruiz, Willever, and Watkins accompanied the author to 4322 Copeland Avenue, San Diego, California. The author believed that this would be a likely place of residence for ORTEGA had he returned to the United States after deportation. At that address, the author contacted an individual who was later identified as ORTEGA's father. The author asked for a fictitious person, whom he denied knowing. He then consented to the author's entry to the residence to look for this person. Within the residence, ORTEGA was found and arrested. He was then transported to the federal building in San Diego, California.

At the San Diego federal building, ORTEGA's fingerprints were queried and enrolled in the IAFIS system. This resulted in a match to ORTEGA's immigration history and further referenced his alien file number.

At approximately 8:15 a.m. on the morning of January 24, 2008, the author read to ORTEGA his constitutional rights per "Miranda" in the English language. When asked if he understood these rights, ORTEGA responded in the affirmative. He again responded in the affirmative when asked if he was willing to waive these rights and answer the author's questions.

During the interview that followed, ORTEGA stated that he is both a native and citizen of Mexico. He further admitted to having been deported previously and to having achieved reentry to the United States in July of 2007, during hours of darkness, through a mountainous area near the Otay Mesa Port of Entry. He denied having applied for permission to lawfully return to the United States after deportation.

A review of records maintained by the U.S. Department of Homeland Security yields no indication that ORTEGA has applied for or received permission to reapply for admission to the United States after deportation.